UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Ubaldo Diaz, | ) | Civil Action No.: 4:17-cv-00093-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden, FCI Edgefield, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Ubaldo Diaz, a federal prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* Petition [ECF No. 1]. The matter is before the Court for consideration of Petitioner's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III.[1] *See* R & R [ECF No. 11]; Pet.'s Objs. [ECF No. 19]. The Magistrate Judge recommends that the Court summarily dismiss Petitioner's § 2241 petition without prejudice and without requiring Respondent to file a return. R & R at 5.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) for the District of South Carolina.

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## Discussion

In his § 2241 petition,[2] Petitioner challenges a prison disciplinary proceeding that occurred before a disciplinary hearing officer ("DHO") at FCI-Edgefield and resulted in the loss of forty-one days of good conduct time.[3] Pet. at 2–8. The Magistrate Judge recommends summarily dismissing Petitioner's § 2241 petition because he has failed to fully exhaust the administrative remedies available through the Federal Bureau of Prisons ("BOP"). R & R at 5. Petitioner objects to the Magistrate Judge's recommendation, arguing "he has exhausted all administrative remedies 'as best as possible' and he was deprived of his right to appeal DHO Report and Findings." Pet.'s Objs. at 5.

**I.     Applicable Law**

Section 2241 is the proper means for a federal prisoner to challenge the BOP's sentencing

---

[2] Petitioner also filed with his petition a document captioned "Motion Requesting to Expunged the Disciplinary Written Report and Credit Inmate Back His Good Time and Clear Inmate of the Central and Inmate Files." *See* ECF No. 3. In this document, Petitioner expands upon the allegations in his § 2241 petition.

[3] Petitioner has attached to his petition several copies of the DHO Report, which indicates he was charged with and convicted of possession of alcohol. *See* ECF No. 1-1 at 12–23. Petitioner alleges a correctional officer who prepared an incident report (that was relied upon by the DHO) "violated due process" by "not specif[ying] . . . the alcohol level," which Petitioner claims was required by "program statement section 541.5." Pet. at 6-7; *see also* ECF No. 3. Petitioner has submitted a copy of the program statement, which cites the discipline process codified at 28 C.F.R. § 541.5(a). *See* ECF No. 1-1 at 27.

2

calculations, including good conduct time credits. *See Yi v. Fed. Bureau of Prisons*, 412 F.3d 526 (4th Cir. 2005); *United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004). Section 2241 petitions are subject to judicial screening, and a district court must summarily dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts.[4] "If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.* Although § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies before seeking habeas review under § 2241. *See, e.g.*, *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490–91 (1973) (requiring exhaustion in a § 2241 matter); *Timms v. Johns*, 627 F.3d 525, 530–33 (4th Cir. 2010) (same).

The BOP administers an inmate discipline program. *See* 28 C.F.R. §§ 541.1–541.8. "The discipline process starts when staff witness or reasonably believe that [an inmate has] committed a prohibited act. A staff member will issue [the inmate] an incident report describing the incident and the prohibited act(s) [the inmate is] charged with committing." *Id.* § 541.5(a). If (after investigation) the incident report is referred to a DHO for further review, the DHO will conduct a hearing and issue a written report. *Id.* §§ 541.7–541.8.

An inmate may appeal the DHO's decision through the BOP's Administrative Remedy Program. *Id.* § 541.8(I); *see generally* 28 C.F.R. §§ 542.10–542.19. The DHO appeal process consists of two steps. First, the inmate must submit a DHO appeal within twenty calendar days "to the Regional

---

[4] The Rules Governing Section 2254 Cases are applicable to § 2241 petitions. *See* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts.

3

Director for the region where the inmate is currently located." 28 C.F.R. § 542.14(d)(2). Second, if the inmate "is not satisfied with the Regional Director's response," he may submit an appeal to the General Counsel (located at the Central Office) "within 30 calendar days of the date the Regional Director signed the response." *Id.* § 542.15(a). "Appeal to the General Counsel is the final administrative appeal." *Id.*

The BOP may extend the time limits for an appeal (to either the Regional Director or General Counsel) "[w]hen the inmate demonstrates a valid reason for delay." *Id.* "In general, valid reason for delay means a situation which prevented the inmate from submitting the request within the established time frame." *Id.* § 542.14(b).

The BOP may reject an inmate's appeal at any level for failure to comply with the administrative remedy requirements. *Id.* § 542.17(a). When an appeal is rejected, the Administrative Remedy Coordinator will provide the inmate a written notice explaining the reason for rejection. *Id.* § 542.17(b). "If the defect on which the rejection is based is correctable, the notice shall inform the inmate of a reasonable time extension within which to correct the defect and resubmit the . . . Appeal." *Id.* If the inmate is not given an opportunity to correct the defect and resubmit the appeal, the inmate may appeal the rejection to the next appeal level, and "[t]he Coordinator at that level may affirm the rejection, may direct that the submission be accepted at the lower level (either upon the inmate's resubmission or direct return to that lower level), or may accept the submission for filing." *Id.* § 542.17(c).

## II. Petitioner's Administrative Appeals

### A. First DHO Appeal (South Central Regional Office)

Petitioner has submitted multiple copies of the DHO report. *See* ECF No. 1-1 at 12–23. The DHO report is dated March 29, 2016, notifies Petitioner "of his right to appeal this action within 20

calendar days," but does not specify when it was delivered to Petitioner.[5] *Id.* at 14. Petitioner alleges he initially appealed the DHO report to the wrong regional office—the South Central Regional Office in Dallas, Texas—by using an address in a booklet provided to inmates. Pet. at 3, 6; *see* ECF No. 1-1 at 7 (booklet). Additionally, Petitioner has submitted a copy of an envelope addressed to the South Central Regional Office that was postmarked April 21, 2016, and stamped "Return to Sender" / "Attempted – Not Known" / "Unable to Forward" on "05/19/16." ECF No. 22-1 at 1.[6]

### B. Second DHO Appeal (Southeast Regional Office)

Petitioner alleges he received the returned envelope on May 24, 2016,[7] and immediately filed a DHO appeal to the correct regional office—the Southeast Regional Office in Atlanta, Georgia—the next day, May 25, 2016. *Id.*; Pet.'s Objs. at 6-7. Petitioner has submitted a letter he wrote the Southeast Regional Office and apparently sent in with his appeal there; in this letter, he explains he had sent "appeal documents to the wrong regional office." ECF No. 1-1 at 9.

Petitioner has submitted a Rejection Notice (dated June 30, 2016) from the Administrative Remedy Coordinator of the Southeast Regional Office. *See* ECF No. 1-1 at 8. The Rejection Notice indicates Petitioner's DHO appeal was received on June 1, 2016, and it states, "Your appeal is untimely. Regional appeals (BP-10) must be received within 20 days of the Warden/CCM response ***or receipt of the DHO report***. This time includes mail time." *Id.* (emphasis added).

---

[5] Instead, there is a blank space beside "Delivered to Inmate." *See* ECF No. 1-1 at 14. This is significant because, as indicated below, the Rejection Notices issued by the Southeast Regional Office indicate the DHO appeal "must be received within 20 days of . . . ***receipt*** of the DHO report." *See* ECF Nos. 1-1 at 4, 8.

[6] The Court recognizes Petitioner filed the copy of the envelope after the Magistrate Judge issued the R & R, and therefore the Magistrate Judge did not have the opportunity to consider it.

[7] Petitioner objects to the Magistrate Judge's findings that "the mail returned on June 30, 2016," and that "Petitioner had already filed another first appeal to the correct office before he received the returned mail." R & R at 2–3.

### C. Third DHO Appeal (Southeast Regional Office)

Petitioner has submitted a letter dated July 19, 2016, that was signed and written by a case manager at FCI-Edgefield and addressed to the Administrative Remedy Coordinator of the Southeast Regional Office. ECF No. 1-1 at 6. In this letter, the case manager explains Petitioner "filed an Administrative Remedy" and "mailed the remedy to South Central Regional Office by mistake. The Administrative Remedy was returned to sender and he then filed mailed [*sic*] the Administrative Remedy to the Southeastern Regional Office which was received on June 1, 2016." *Id.* The case manager requests, "Please allow inmate Diaz the appropriate amount of time to submit his appeal due [to] Diaz' misunderstanding and sending his Administrative Remedy to the incorrect Regional Office." *Id.* Additionally, Petitioner has submitted a letter he wrote the Administrative Remedy Coordinator explaining he had sent his first appeal to the wrong regional office. ECF No. 1-1 at 5. Finally, Petitioner has submitted the DHO appeal form that he completed and signed. ECF No. 1-1 at 10–11. Petitioner indicates the case manager's letter, his letter, and the DHO appeal form were all sent to the Southeast Regional Office.

Petitioner has submitted a Rejection Notice (dated August 18, 2016) from the Administrative Remedy Coordinator of the Southeast Regional Office. *See* ECF No. 1-1 at 4. The Rejection Notice indicates Petitioner's DHO appeal was received on July 26, 2016, and it states, "Your appeal is untimely. Regional appeals (BP-10) must be received within 20 days of the Warden/CCM response ***or receipt of the DHO report***. This time includes mail time." *Id.* (emphasis added).

### D. Central Office Appeal

Petitioner has submitted a letter he apparently wrote the Central Office on October 6, 2016, in which he states, "I have tried twice to submit[] this remedy to region to no avail. Twice I have been told

that I am out of time." ECF No. 1-1 at 3. Petitioner further states, "I hope and pray that this office will see the discrepancies and errors made by both parties. On my part for using the [wrong] address . . . . Exhibits are also available so you can see my arguments." *Id.*

Petitioner has submitted a Rejection Notice (dated October 28, 2016) from the Administrative Remedy Coordinator of the Central Office. *See* ECF No. 1-1 at 2. The Rejection Notice indicates Petitioner's appeal was received on October 13, 2016, and it states, "Concur with rationale of regional office and/or institution for rejection. Follow directions provided on prior rejection notices." *Id.*

### E. Request for Reconsideration from Prison Warden

Finally, Petitioner has submitted a letter he wrote "Warden Mrs. B. Mosley" (the warden at FCI-Edgefield) on November 17, 2016, requesting her "to review this Administrative Remedy rejection," explaining he used the "wrong address" when mailing his initial DHO appeal, and requesting "help . . . with this matter." ECF No. 1-1 at 1. Petitioner indicates that his letter to Warden Mosley was "to no avail" and that she "concur[red] with rationale of Regional Office" on November 22, 2016. Pet. at 6.

Petitioner filed the instant § 2241 petition on January 6, 2017.[8]

## III. Analysis

Having liberally construed Petitioner's pro se petition and the attached exhibits summarized above, the Court cannot conclude it is plainly apparent from those filings that he failed to exhaust his administrative remedies. *See generally* Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. First, it is unclear when Petitioner received a copy of the DHO report and why

---

[8] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

his mail containing his initial DHO appeal could not be delivered to the South Central Regional Office (which could have issued a written rejection notice allowing Petitioner "a reasonable time extension within which to correct the defect and resubmit the . . . Appeal," *see* 28 C.F.R. § 542.17(b), to the proper regional office). Petitioner's two subsequent DHO appeals to the Southeast Regional Office appear to be untimely since they were apparently filed more than twenty days after he received the DHO report. However, it is unclear from the current record whether Petitioner demonstrated "a valid reason for delay," *see* 28 C.F.R. §§ 542.14(b), 542.15(a), by initially choosing the wrong regional office to mail his DHO appeal. It is also unclear why he was never given an opportunity to extend the time limits for a DHO appeal to the correct regional office (the Southeast Regional Office) despite his multiple requests to do so. Finally, Petitioner did in fact appeal to the final administrative level by filing an appeal with the Central Office (where the General Counsel is located, *see* 28 C.F.R. § 542.15(b)(1)), and the Central Office rejected Petitioner's appeal without allowing him an opportunity to resubmit.[9,10]

The Court cannot conclude Petitioner's § 2241 petition is subject to summary dismissal for failure to exhaust,[11] and finds it appropriate to order Respondent to file a response to the petition.[12]

## Conclusion

---

[9] The Rejection Notice issued by the Central Office instructs Petitioner to "[f]ollow directions provided on prior rejection notices," ECF No. 1-1 at 2, but those prior rejection notices from the Southeast Regional Office do not contain any such directions.

[10] The Magistrate Judge's R & R contemplates that the matter is still pending because "Petitioner has not received a ruling from the General Counsel," *see* R & R at 4, but that does not appear to be the case based upon Petitioner's submissions.

[11] Because the Court is recommitting this matter to the Magistrate Judge and requiring a response from Respondent, the Court need not address Petitioner's remaining objections dealing with the merits of his due process claim at this time. Petitioner is free to raise those arguments later in this case.

[12] Ultimately, it may well be that Petitioner failed to exhaust his administrative remedies by filing untimely appeals, but that is a matter more appropriately decided after hearing from Respondent. **Nothing in this Order prohibits Respondent from raising exhaustion of administrative remedies as an affirmative defense.**

8

For the foregoing reasons, the Court respectfully **REJECTS** the R & R [ECF No. 11] and **RECOMMITS** this matter to the Magistrate Judge with instructions to issue an order authorizing service of process on Respondent and directing Respondent to file an answer, motion, or other response to Petitioner's § 2241 petition. The Court **GRANTS** Petitioner's Motion to Amend [ECF No. 22] his objections to the R & R.

**IT IS SO ORDERED.**


Florence, South Carolina  s/ R. Bryan Harwell
July 13, 2017  R. Bryan Harwell
 United States District Judge